UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PNC BANK, N.A., etc.,

    Plaintiff,

v.                                    CASE NO. 3:25-cv-905-JEP-SJH

GLOBAL DIRECTORIES, INC., et al.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff, PNC Bank, N.A.'s Motion for Reconsideration as to the Entry of Default by Clerk Against Defendant Michael Smith ("Motion"). Doc. 15.

Plaintiff previously moved for a clerk's default against Defendant Michael Smith. Doc. 13. On December 19, 2025, the Court entered an Order ("Prior Order") denying that request without prejudice because the return of service on which Plaintiff relied did "not comply with Fed. R. Civ. P. 4(l)(1) as it [was] not in the form of an affidavit (or declaration under penalty of perjury)." Doc. 14 at 1 (citing *Smith v. Dep't of Revenue*, No. 6:24-cv-2121-JSS-RMN, 2025 WL 2709829, at *2 (M.D. Fla. May 12, 2025) and *Ethos Grp., Inc. v. JAB Media LLC*, No. 3:22-cv-485-TJC-LLL, 2023 WL 2328923, at *2 (M.D. Fla. Jan. 6, 2023)).

The Motion seeks reconsideration of the Prior Order. But the Motion, which generally presents arguments that were or could have been asserted previously, does not show that the unusual remedy of reconsideration is warranted. *See, e.g., DKG*

*Commc'ns, LLC v. RLM Underground, LLC*, No. 2:23-cv-1195-KCD, 2025 WL 1615438, at *1-2 (M.D. Fla. June 6, 2025); *see also Bedgood v. Wyndham Vacation Resorts, Inc.*, No. 6:21-cv-418-JSS-DCI, 2025 WL 2780254, at *1 (M.D. Fla. Sept. 30, 2025); *Kendall Healthcare Grp., Ltd. v. 1199SEIU, United Healthcare Workers E., Fla. Region*, No. 8:24-cv-785-KKM-CPT, 2025 WL 524286, at *1 (M.D. Fla. Feb. 18, 2025).

Moreover, the Motion fails to meaningfully address the requirements of Fed. R. Civ. P. 4(l)(1) or the basis for the Prior Order. *See Smith*, 2025 WL 2709829, at *2; *Ethos Grp., Inc.*, 2023 WL 2328923, at *2; *see also Pena v. Dallas Police Ass'n*, No. 3:22-cv-987-N-BH, 2023 WL 2144296, at *3 (N.D. Tex. Jan. 17, 2023), *report and recommendation adopted*, 2023 WL 2142973 (N.D. Tex. Feb. 21, 2023); *George v. Atlanta Indep. Sch. Sys.*, No. 1:20-cv-4789-WMR-JEM, 2022 WL 22867351, at *2 (N.D. Ga. Apr. 25, 2022), *report and recommendation adopted,* 2022 WL 22867372 (N.D. Ga. May 16, 2022); *Kauffman v. Trans High Corp.*, No. 3:20-cv-17-J-34JBT, 2020 WL 10354994, at *1 (M.D. Fla. May 13, 2020).

Thus, the Court declines to reconsider the Prior Order.[1]

Accordingly, the Motion (Doc. 15) is **denied**.

---

[1] The Motion states that "Plaintiff re-served Smith via separate process server on January 16, 2026." Doc. 15 at 6. The Motion does not (and could not at this juncture) seek relief based on such service, nor does the Court at this time consider the validity of such service. Plaintiff may seek renewed relief if appropriate based on such service in accordance with the Local Rules and Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Jacksonville, Florida, on January 27, 2026.

                                        Samuel J. Horovitz
                                        United States Magistrate Judge

Copies to:

Counsel of Record

3